**Sandra OLVERA–CARBAJAL,
Petitioner,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

**No. 05–75694.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 26, 2008.[*]

Filed March 12, 2008.

Sandra Olvera–Carbajal, Lynwood, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Paul Fiorino, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Sandra Olvera–Carbajal, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order upholding an immigration judge's ("IJ") decision denying her application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the agency's continuous physical presence determination for substantial evidence. *See Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 850–51 (9th Cir.2004). We review de novo claims of constitutional violations in immigration proceedings. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

Olvera–Carbajal's testimony regarding her date of entry to the United States was materially inconsistent, and substantial evidence therefore supports the adverse credibility finding. *Cf. Vera–Villegas v. INS,* 330 F.3d 1222, 1231–34 (9th Cir. 2003). Moreover, Olvera–Carbajal failed to provide any supporting documentation or witnesses attesting to her presence from 1990 to 1993. *See Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001) (holding that an IJ may require documentary evidence when she either does not believe an applicant or does not know what to believe). The agency therefore properly concluded that Olvera–Carbajal did not meet her burden to establish continuous physical presence. *See* 8 U.S.C. § 1229b(b)(1)(A).

Olvera–Carbajal's argument that the ten-year continuous physical presence re-

quirement violates her due process rights is foreclosed by *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 979 (9th Cir.2006).

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

